UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUB INTERNATIONAL NORTHWEST LLC,<br><br>Plaintiff(s),<br><br>v.<br><br>SHAWNA LARSON & JOHN DOE LARSON,<br><br>Defendant(s). | CASE NO. 2:22-cv-01418-TL<br><br>ORDER ON MOTION TO STAY |

This is a lawsuit over the alleged breach of a non-solicitation agreement by a former employee. Dkt. No. 1-1 at 6–8. This matter is before the Court on Defendant's motion to stay discovery and for a protective order (the "Motion to Stay"). Dkt. No. 33. Having considered the relevant record, the Court DENIES the Motion to Stay, for the reasons below.

ORDER ON MOTION TO STAY - 1

## I. BACKGROUND

Plaintiff HUB International Northwest LLC ("HUB"), an insurance brokerage business, brings this action against Defendants Shawna Larson, a former employee of HUB, and "John Doe Larson," the unknown spouse of Ms. Larson, for breach of a non-solicitation agreement restricting Ms. Larson's ability to solicit HUB clients, solicit HUB employees, and use or disclose HUB's trade secrets or other confidential or proprietary information. Dkt. No. 1-1 at 2–8. Since resigning from HUB in early August 2022, Ms. Larson joined a competitor business (Alliant Insurance Services, Inc.) and has allegedly tried (and in some cases succeeded) to solicit HUB's clients or employees to join Alliant and used HUB's proprietary and confidential information. *Id.* at 6–8. Besides breach of contract, Plaintiff brings claims of tortious interference and a violation of the Washington Uniform Trade Secrets Act at RCW 19.108.010. *Id.* at 8–10.

Defendant[1] removed this action to this Court. Dkt. No. 1. The Court denied Plaintiff's motion for a temporary restraining order. Dkt. No. 22. Defendant's motion to dismiss the complaint (the "Motion to Dismiss," Dkt. No. 24) remains pending. The Court has also issued a scheduling order setting these deadlines, among others:

- March 3, 2023: Joinder of parties
- March 31, 2023: Amended pleadings
- August 29, 2023: Close of discovery

Dkt. No. 31.

Defendant now moves for a stay of discovery and a protective order pending the resolution of the Motion to Dismiss. Dkt. No. 33. While the Motion to Stay does not request a

---

[1] While there are two Defendants in the caption, the Court uses "Defendant" in the singular to refer to Ms. Larson to avoid confusion. The other Defendant appears to be a fictitious entity, and Ms. Larson's counsel has represented that she is unmarried and "John Doe Larson" does not exist. *See* Dkt. No. 23 at 5.

ORDER ON MOTION TO STAY - 2

specific stay, Defendant's proposed order appears to seek a stay of discovery pending the resolution of the Motion to Dismiss and having Defendant's responses to Plaintiff's discovery requests due 20 days after such resolution, if the case remains. Dkt. No. 33-1. Defendant represents that, on February 2, 2023, Plaintiff served interrogatories and requests for production on Defendant, which Defendant characterizes as broad and burdensome. *Id.* at 2; Dkt. No. 34 at 4–15 (interrogatories and requests for production). Defendant has issued no discovery requests to Plaintiff because "no discovery should occur pending the resolution of her Motion to Dismiss." Dkt. No. 33 at 3.

The Motion to Stay is now fully briefed, with Defendant opposing the motion. Dkt. Nos. 33, 35, 37.

## II. LEGAL STANDARD

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (collecting cases). For example, district courts have wide discretion in controlling discovery, including by staying discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Federal Rule of Civil Procedure 26(c) also permits parties to seek a protective order to limit discovery for good cause, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."

## III. DISCUSSION

Defendant argues that a stay of discovery is appropriate because the Motion to Dismiss requires no discovery for the Court's consideration of the motion and, if granted in full, would dispose of this action in its entirety, thus obviating the need for the time and expenses incurred in engaging in discovery. Dkt. No. 33 at 1. She also argues that a stay of discovery would not

prejudice Plaintiff, characterizing the stay as "a short stay" and noting that discovery is not scheduled to close until August 29, 2023. Dkt. No. 33 at 4.

Plaintiff argues that discovery is necessary in part because Defendant has continued to violate the terms of her non-solicitation agreement, including by soliciting more HUB clients to join her at Alliant, and because the Parties' deadline for joinder of parties and amended pleadings are coming up.[2] Dkt. No. 35 at 1–2. Plaintiff also argues that Defendant bears a "heavy burden" to prove that discovery should be stayed, and that a stay of discovery pending a dispositive motion is the exception, not the rule, in balancing the interests of prejudice to a party and delay in the proceedings with the potential saving of time and costs. *Id.* at 4–5. Defendant counters that Plaintiff's new allegations are outside the Complaint and "based purely on supposition" (as HUB has failed to show that its former clients went to Ms. Larson specifically, rather than just to Alliant) and that discovery is burdensome for Defendant. Dkt. No. 37.

The Ninth Circuit has provided some guidance on whether a stay of discovery could be appropriate pending the resolution of a Rule 12(b)(6) motion to dismiss. A court may "stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief." *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (quoting *Wood v. McEwen, Jr.*, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam)). Indeed, "[t]he purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery. . . . It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Rutman Wine Co. v. E. & J. Winery*, 829 F.2d 729, 738 (9th Cir. 1987). Finally, "[d]iscovery is only appropriate where there are factual issues raised by a Rule 12(b) motion."

---

[2] At the time of Plaintiff's opposition brief (March 1, 2023), the deadline for joinder of parties had not yet passed.

*Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987). In short, the Ninth Circuit has recognized that it may be prudent to issue a stay of discovery pending the resolution of a dispositive motion to dismiss.

Even so, these comments are *dicta* from the Ninth Circuit in affirming the district court's exercise of its discretion in staying discovery during the pendency of a motion to dismiss. *See Wenger*, 282 F.3d at 1077 (finding no error in district court's stay of discovery); *Jarvis*, 833 F.2d at 155 (finding no abuse of discretion); *Rutman Wine Co.*, 829 F.2d at 738 (same). The Ninth Circuit does not appear to have set forth any rules or standards governing such stays of discovery. And many courts of this Circuit have emphasized that the mere existence of a dispositive motion does not warrant a stay of discovery. *See, e.g., Rosario v. Starbucks Corp.*, No. C16-1951, 2017 WL 4122569, at *1 (W.D. Wash. Sept. 18, 2017) ("By filing this Motion on the basis of its belief that its motion to dismiss will dispose of Plaintiff's claim, Starbucks essentially seeks a ruling on its motion to dismiss."); *Tradebay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600–01 (D. Nev. 2011) (citing two other published opinions in the District of Nevada). After all, absent some assurance that the motion to dismiss *will* dispose of the case, a stay of discovery might only result in an unnecessary delay of litigation. *See, e.g., Travelers Prop. Cas. Co. of Am. v. H.D. Fowler Co.*, No. C19-1050, 2020 WL 832888, at *1 (W.D. Wash. Feb. 20, 2020) (noting that the Federal Rules of Civil Procedure do not provide for an automatic stay of discovery when a dispositive motion is pending and that such stays "can slow down litigation").

As a result, courts often examine the nature of the pending Rule 12(b) motion to determine whether a stay of discovery is appropriate: for example, whether the motion involves pure questions of law that are dispositive—such as subject matter jurisdiction or immunity—rather than fact-intensive inquiries that might be resolved by further discovery, whether the complaint is "utterly frivolous," or other indications that discovery would likely be unnecessary.

*See, e.g.*, *Little*, 863 F.2d at 685 ("Based on the facts presented in this case, discovery could not have affected the immunity decision."); *Ahern Rentals Inc. v. Mendenhall*, No. C20-542, 2020 WL 8678084, at *1 (W.D. Wash. July 9, 2020) (granting stay of discovery in part because a motion to transfer venue and consolidate related cases was pending); *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555 (D. Nev. 1997) ("Such a stay might be appropriate where the complaint was utterly frivolous, or filed merely for settlement value.").

The Parties also cite a two-factor test adopted by some district courts of this Circuit that looks to: (1) whether the pending motion could dispose of the entire case; and (2) whether the motion could be decided without additional discovery. *See, e.g.*, *Travelers Prop. Cas. Co. of Am.*, 2020 WL 832888, at *1. But such a test would seemingly require most Rule 12(b)(6) motions—which generally seek dismissal of a case and require that the complaint be taken as true, without additional discovery[3]—to warrant a stay of discovery. While the Court considers these two factors relevant to the inquiry at hand, it declines to adopt the test exclusively. *See Tradebay, LLC*, 278 F.R.D. at 602 (declining to adopt the two-part test).

More broadly, the Ninth Circuit has instructed that a court considering a stay of proceedings should weigh the competing interests, such as:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)) (evaluating propriety of a stay pending resolution of related but separate proceeding).

---

[3] Notably, a Rule 12(b)(6) motion that incorporates materials outside the pleadings can be converted into a different type of motion: a summary judgment motion under Rule 56. *See* Fed. R. Civ. P. 12(d).

Taking all this and the facts here into account, the Court finds that, while a stay of discovery can be prudent when a motion that could dispose of the case is pending, Defendant has not shown good cause for a stay of discovery here. Without commenting on the merits of the Motion to Dismiss, the Court notes that the Motion to Dismiss does not raise "pure" legal questions of subject matter jurisdiction, immunity, and the like, but focuses on whether sufficient facts were adequately alleged in the complaint to constitute plausible claims for relief. *See, e.g.*, Dkt. No. 24 at 3–4 (arguing Plaintiff's allegations are insufficient to plausibly state a claim for relief); *id.* at 8 (arguing Plaintiff fails to allege harm or makes allegations that are too speculative or conclusory). Defendant's arguments seem to go at whether the specific facts and level of detail alleged are sufficient to state a claim, rather than purely legal issues that cannot be resolved by discovery of further facts. *Cf. Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (affirming stay of discovery where plaintiff "failed to point to any specific information obtainable through discovery that would have enabled [plaintiff] to state a federal cause of action"). In any case, the Court is not convinced, from a cursory glance at the Motion to Dismiss, that dismissal of Plaintiff's claims is inevitable. *See, e.g.*, *Turner Broad. Sys., Inc.*, 175 F.R.D. at 555 ("This Court has not attempted to prejudge the merits of the motion to dismiss, but it is not convinced, to the extent it must be convinced, that the Plaintiffs have no chance of prevailing over the motion to dismiss."); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (finding defendants' argument that motions to dismiss would succeed was speculative and did not constitute good cause).

Further, unlike cases that require prohibitive and large amounts of discovery, *see, e.g.*, *Rutman Wine Co.*, 829 F.2d at 738 ("In antitrust cases [a stay of discovery pending a Rule 12(b)(6) motion] especially makes sense because the costs of discovery in such actions are prohibitive."), this case is limited in its factual scope: Ms. Larson's contact with her former

clients and colleagues at HUB and her use of any confidential or proprietary information from HUB, largely limited temporally to the approximate period between her resignation at HUB and Alliant's retention (if any) of HUB's clients and employees. It therefore appears that discovery would not be too burdensome on Defendant[4] and would help ensure that the Parties remain on track to meet its pretrial schedule.

Defendant tries to minimize the effect of her requested stay of discovery by repeatedly characterizing it as a "short" stay. *See, e.g.*, Dkt. No. 33 at 4 ("[A] short stay of discovery would conserve the resources of the parties and the Court while the pleadings are settled. By contrast, the requested stay would not cause prejudice to Plaintiff, as discovery in this matter is not scheduled to close until August 29, 2023."). While the Court appreciates Defendant's confidence in the Court's ability to speedily resolve the Motion to Dismiss, there is no guarantee that a stay would be "short."[5] This is also a case in which the alleged wrongful acts and harm are ongoing,[6] rather than a case in which the allegations are fixed in the past. Therefore, there is reason to avoid delays in the litigation, if possible, and a stay of discovery at this time may be contrary to the interests of justice.

---

[4] The Court is inclined to agree with Defendant that Plaintiff's discovery requests are overbroad. But that is not sufficient reason to grant a total stay of discovery. Defendant may instead use any of the usual means of limiting discovery as needed in the ordinary course of litigation.

[5] For some context, as of September 2021, this District was facing a judicial emergency caused by five vacant positions out of seven active judge positions. *See* United States Courts, Judicial Emergencies for September 2021 (Sept. 1, 2021), https://www.uscourts.gov/judges-judgeships/judicial-vacancies/archive-judicial-vacancies/2021/09/emergencies. By December 2021, three of the vacancies were newly filled, including by the undersigned. *See* U.S. District Court for the Western District of Washington, Updated – Judicial Nominations for the Western District of Washington, https://www.wawd.uscourts.gov/news/updated-judicial-nominations-western-district-washington (last updated July 14, 2022). This Court inherited a significant number of cases with pending motions and has been diligently working to resolve both the inherited and newly filed motions.

[6] Defendant objects to Plaintiff's new alleged facts and the alleged use of hearsay evidence in Plaintiff's response to the Motion to Stay, though she cites no authority on why the Court cannot consider such evidence in evaluating the need for discovery in the case. Dkt. No. 37 at 3. In any event, this argument is moot, as the complaint alone appears to allege continuing bad acts and harm from the purported loss (or potential loss) of business, employees, and confidential and proprietary information, and so the Court does not need to rely on Plaintiff's new alleged facts and evidence in its determination.

While the Court is open to revisiting the issue at a later date if raised, Defendant has failed to show good cause for staying discovery at this time. The Court has considered the Parties' remaining arguments and finds them unavailing.

## IV.   CONCLUSION

Accordingly, Defendant's Motion to Stay (Dkt. No. 33) is DENIED without prejudice.

Dated this 15th day of March 2023.

Tana Lin
United States District Judge